### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

MATTHEW J GRIMES,

    Plaintiff,

v.                                                                                                       Civ. No. 20-416 JB/SCY

WELLS FARGO BANK, N.A.,

    Defendant.

### **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before me on Defendant Wells Fargo Bank, N.A.'s Motion To Dismiss Plaintiff's Complaint, Or In The Alternative, For A More Definite Statement. Doc. 5. Plaintiff did not file a response, and the time to do so has expired. On June 9, 2020, the Honorable James O. Browning referred this matter to me for proposed findings and a recommended disposition under 28 U.S.C. § 636(b). Because the Complaint fails to state a claim, I recommend dismissal with prejudice.

### **STANDARD OF REVIEW**

"[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court considering a challenge under Rule 12(b)(6) may proceed according to a "two-pronged approach." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

"Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

> There are exceptions to this restriction on what the court can consider, but they are quite limited: (1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice.

*Id.* (citations and internal quotation marks omitted).

When appellants proceed pro se, the district court generally construes their pleadings liberally, holding them to a less stringent standard than those filed by a party represented by counsel. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In so doing, the court makes allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* The court will not, however, construct arguments or search the record for the pro se party. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Issues will be waived if the pro se party's briefing "consists of mere conclusory allegations with no citations to the record or any legal authority for support." *Id.*

## DISCUSSION

According to the Complaint, Plaintiff Matthew J. Grimes visited Wells Fargo and gave the bank "a signed Note," a "security agreement backing the Note," an "Affidavit of Truth," "tender of payment," and "letter of credit." Doc. 1-2 at 11 ¶ 6. Wells Fargo took no action with respect to these documents. *Id.* at 12 ¶ 10. When Plaintiff demanded either the Note be returned

or Wells Fargo pay $750,000 to Plaintiff, Wells Fargo returned a copy of the documents, rather than the original. *Id.* at 12 ¶¶ 12-14. All of the claims in the Complaint proceed on the theory that Wells Fargo was under a legal obligation to return the original documents to Plaintiff, or pay Plaintiff three quarters of a million dollars. *Id.* at 12-17 ¶¶ 17, 25, 32-33, 35-36, 40, 47, 52.

Wells Fargo removed this case to federal court and filed the present motion to dismiss. Wells Fargo attaches copies of the Note and other documents. Doc. 5-1.[1] Wells Fargo points out that the Note purports to be an "International Promissory Note" governed by the "UNCITRAL convention" and issued by the "World Citizens of the Solar Monmatia." Doc. 5-1 at 2. The Note memorializes a promise by Plaintiff to pay $750,000 to the "Matthew James Grimes Trust." *Id.* The Note does not indicate a bank or other source from which the funds are to be paid. The "Affidavit of Truth" is signed by Plaintiff, who represents that he is "no citizen, national and resident but a declared American National" and that he is "no person (e.g. statutory person, trust, corporation, public office, etc) but a private non-legal non-lienable natural human being dweller at the Natural Law since birth." *Id.* at 3.

Wells Fargo argues that dismissal with prejudice is proper because the Note and other documents have no intrinsic legal value, and the failure to return the original copy to Plaintiff likewise has no legal consequences. Doc. 5 at 4-5. Wells Fargo explains the theory behind "international promissory notes" such as Plaintiff's:

> The "vapor money" (or "no money lent") theory posits that Congress has never given banks the authority to extend credit and, thus, banks act beyond their charters when making loans. Proponents claim banks create money "out of thin air," through ledger entries and bookkeeping tricks, by "depositing" a borrower's promissory note without the borrower's permission, listing the note as an "asset" on the bank's ledger entries, and then lending a borrower back his own "money."

---

[1] Wells Fargo argues that the Court can consider these documents because they are incorporated by reference in the Complaint. Doc. 5 at 1-2. The Court need not reach this issue because the Complaint fails to state a claim, with or without the documents incorporated by reference.

3

> Since banks do not have enough "real money in their vaults" to cover the sums lent, loans are not backed by actual money—the only real money is gold or silver; paper money is worthless since it is created by an illegitimate Federal Reserve—making them invalid ab initio and creating no obligation for repayment.

*Stevenson v. Bank of America*, 359 S.W.3d 466, 469 n.6 (Ky. Ct. App. 2011).

Although Plaintiff does not set forth any of these theories in his Complaint, I concur with Wells Fargo that what *is* in his Complaint—the theory that Wells Fargo owes Plaintiff the amount he wrote on the so-called "promissory note" because it failed to return the original document to him—cannot succeed. The Complaint contains no law supporting this proposition, and I am not aware of any. Therefore, I recommend the Court grant the motion.

## CONCLUSION

For the above stated reasons, I recommend that the Court grant the motion to dismiss for failure to state a claim and dismiss the Complaint with prejudice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**